FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2015 FEB 24  PM 1:57

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ___15-CV-378-_____

Keii S. Smallwood
          Plaintiff,

v.

Denver Public Schools
          Defendant.

---

## ADA, ADEA, AMERICAN'S DISABILITY ACT  AND TITLE VII COMPLAINT
## AND JURY DEMAND

---

### PARTIES

1.   I am the Plaintiff, Keii S. Smallwood, and I am a citizen of United States.  I presently reside at 1730 S. Helena St. Aurora, CO  80017.  I am forty-four year old female with scoliosis.  I am Black/African American and I am seriously ill.  At the relevant times, and prior to my separation which happened on or about June 25, 2013, I was employed by Denver Public Schools.

2.   Defendant, Denver Public Schools address is: 900 Grant Street, Denver, CO   80203 and is part of the City and County of Denver, Colorado (hereinafter "Defendant").

### JURISDICTION

3.   Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §§ 12101, American's Disability Act hereinafter (ADA), 29 U.S.C. §§ 621 – 624, Age Discrimination in Employment Act, hereinafter (ADEA) and also 28 U.S.C. §§ 451, 1331, and 1343. This action is authorized and instituted pursuant the above Sections of the ADA, the ADEA and also Sections 703(a) and 704 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A, and the laws of the State of Colorado.

1

4.   Defendant is an employer within the meaning of ADA, ADEA and Title VII.

5.   The employment practices alleged to be unlawful were committed in the City of Denver, State of Colorado, within the jurisdiction of the United States District Court, District of Colorado.

## ADMINISTRATIVE PROCEDURES

6.   I filed a charge of discrimination with the Equal Employment Opportunity Commission or appropriate administrative agency on February 5, 2014 regarding the alleged discriminatory conduct by Defendant(s).

7.   I received from the Equal Employment Opportunity Commission or appropriate administrative agency a Notice of Right to Sue the Defendant(s) on November 24, 2014.
     See attachment "A" hereto.

## NATURE OF THE CASE

8.   This is an action to correct the unlawful employment practices of discrimination based on Disability in violation of the Americans with Disabilities Act (ADA), based on Age in violation of Age Discrimination in Employment Act (ADEA), and also on race and/or color in violation of Title VII, of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. Seq. ("Title VII") and Section 1981A of the United States Code.

9.   Defendant, Denver Public Schools, at John Amesse Elementary School, has discriminated against me because of my Disability, Race, and Age.   I have been subject to unequal and different terms and conditions of employment in violation of ADA, ADEA and Title VII.

10.   Defendant failed to engage in steps to determine if an appropriate accommodation could have been provided for me.  This would have enabled me to perform my job duties.  Defendant has discriminated against me by demotion/ discharge from employment, failure to hire me for other positions and retaliatory practices.  Defendant failed to investigate the above actions taken against me.

## THE FACTS

11.   The Defendant, Denver Public Schools, has discriminated against me at John Amesse Elementary School, 900 Grant Street, Denver CO  80203 based on my disability and because of my race and age. Defendant caused me suffer as an employee unequal terms and conditions of employment, a hostile work environment and retaliation in violation of the law.

12.   I began employment with Denver Public Schools in 1997.  My current assignment as a General Paraprofessional began October 2012.  I worked at Amesse Elementary School and was receiving good and other positive performance reviews.

13.   During my employment with Denver Public Schools I had a disability and received treatment from Dr. Ozioma T. Gab-Ojukwu from Kaiser Permenente for Scoliosis, Defendant, Denver Public Schools officials was aware of this disability and or should have known.

14.   While at work on November 27, 2012, a student intentionally and forcefully hit me in the head with a basketball. I was examined by Terrell R. Webb, MD, on November 27, 2012.  I was released to return to work on November 30, 2012 with a treatment plan including the following restrictions, "lifting 10 pounds, pushing 20 pounds no repetitive motion and no working in a safety sensitive environment". Based on these restrictions I could maintain my duties as RTA paraprofessional with an accommodation.

15.   I was under the care of Workmen's Compensations doctors at Contentre Medical Clinic and Advance Medical Specialist (Co)  My treatment physicians were Terrel R. Webb, MD, Corey J. Feldmen, PA, Joel C. Boulder, MD and John  J. Ashchberger, MD, Dr. Kathrine Bird for job related injuries.  My injuries treatments were from November 27, 2012 to May 8, 2013.

16.   At the same time I was also under the care of my primary physician Dr. Ozioma.  Denver Public Schools officials were aware of both conditions and resulting disabilities.

17.   Defendant did not engage in efforts to provide the required ADA accommodations to assist me

3

in performing my duties.

18. On or about November 30, 2012 the Defendant unilaterally made the decision to modify my work duties to include cleaning lunchroom tables "recess duty". This does not meet the requirement of the Medical restrictions "Avoid situations where new injury possible, Supervising indoor/Outdoor, Physical activity, May not function in Safety sensitive position". This restriction were assigned Workman's Compensations physicians.

19. On December 5, 2012 I returned to the Workman's Compensation physician, Dr. Bird, at Concentre Care, with medical information from my primary physician. Despite the medical restrictions the Defendant failed to accommodate my injuries and disability.

20. On or about January 14, 2013 I was examined by Dr. Ozioma T. Gab-Ojukwu from Kaiser Permanente. Dr. Ozioma indicated on a FLMA form that I "will be incapacitated for a single continuous period of time for 12 weeks, from January 7, 2013 through April 1, 2013.

21. Defendant has not treated me equally to other employees by providing financial compensation through Workman's Compensation for the injury sustained during my work.

22. I have been denied the right to receive Long Term Disability. This is a term and condition offered to other non-Black disabled employees and persons under age 40.

23. Defendant fired me while on medical leave. A result, I was unable to obtain disability benefits which are available to other non-black disabled employees and persons under age 40

24. Defendant has had other paraprofessional positions available that complied with my work restrictions, but Defendant denied me the opportunity to be reassigned.

25. I applied for 14 jobs at Denver Public schools and was not hired. The Defendant called me in for an interview on November 7, 2013 and I was not hired. I have applied for several jobs, and jobs were given to other candidates less qualified.

## FIRST CLAIM FOR RELIEF – VIOLATION OF THE ADA
## AND THE COLORADO ANTI-DISCRIMINATION ACT ("CADA")
### C.R.S. § 24-34-402, *et seq*

26.   I, Ms. Smallwood, refer to and incorporate herein paragraphs 1-25 of this Complaint

27.   I am disabled and the Defendant was aware of and had a record of my disability.

28.   Here now, I refer to again and incorporate my facts stated in paragraphs number 10 – 25 above as violations of the ADA and CADA.

29.   Defendant demoted and restricted me to selective assignment to less desirable jobs or denial of job assignments.

30.   After Defendant terminated me I was offered the option of applying for "any jobs" that might meet my restrictions and qualifications.

31.   Defendant failed to engage in a process to determine whether reasonable accommodation was available to assist me in performing my job duties.

32.   After failing to assist and before terminating me, Defendant acted discriminatorily based both on my actual disability and its own perception of my limitations.

33.   I was injured on the job and deprived of my rights as a result of Defendant's action or lack thereof.  Defendant's actions and conduct violates ADA.

## SECOND CLAIM FOR RELIEF – TITLE VII AND
## VIOLATION OF THE COLORADO ANTI-DISCRIMINATION ACT ("CADA")
### C.R.S. § 24-34-402, *et seq*

34.   I refer to each and every allegation forgoing in paragraphs 1-33 of this Complaint

35.   I requested reasonable accommodation from Defendant, which unilaterally, and without any interaction or input, determined that I was not qualified for any position meeting the medical restrictions and limitations.

36.   Defendant terminated me, based on my disability and also based on its unilateral and non-

interactive determination as to my qualifications and ability to perform other jobs.

37.   Here now, I refer to again and incorporate my facts stated in paragraphs number 10 – 25 above as violations of the TITLE VII and CADA.

38.   I am black and I was injured on the job while working for Denver Public Schools.  As a result of being injured on the job, I was deprived of my rights by Defendant's action or lack thereof. Defendant's actions and conduct violate Title VII and CADA, in that other non-black employees were not demoted, and/or fired and also hired for and/or given other positions.

39.   I suffered emotional distress and am entitled to punitive damages based on Section 42 USC 1981(a) and Colorado Law.

### THIRD CLAIM FOR RELIEF – VIOLATION OF THE ADEA AND TERMS AND CONDITIONS

40.   I refer to each and every allegation forgoing in paragraphs 1-40 of this Complaint

41.   I am over 40 and was subjected to different terms and condition of employment based on my disability, race and/or color and age including, but not limited to demotion and selective assignment to less desirable jobs or denial of job assignments to permanent positions.

42.   Here now, I refer to again and incorporate my facts stated in paragraphs number 10 – 25 above as violations of the ADEA.

43.   The Defendant refused to hire or otherwise discriminated against me with respect to compensation, terms, conditions, or privileges of employment, because of my age and disabilit.

43.   The unlawful employment practices described above were intentional.

44.   The unlawful employment practices described above were done with malice or with reckless indifference to the state of Colorado and federally protected rights of Employees over 40.

45.   The effect of the events described above has been to deprive me of equal employment opportunities based on my age.

46.     The offensive conduct was sufficiently severe or pervasive as to alter the terms and conditions

        of Black employees subjected to the conduct.

47.     The offensive conduct in the workplace initiated and/or participated in by employees, including

        but not limited to managers, constitute age discrimination

                            FORTH CLAIM FOR RELIEF – RETALIATION

48.     I refer to each and every allegation forgoing in paragraphs 1-46 of this Complaint

49.     Here now, I refer to again and incorporate my facts stated in paragraphs number 10 – 25 above

        as violations of the ADEA.

50.     Since at least 2012, Denver Public Schools, has engaged in unlawful retaliatory practices at

        John Amesse Elementary School in Denver, CO  80239 in violation of the ADA, ADEA

        Colorado State Law and section 704 of Title VII, 42 U.S.C. § 2000e-2(a), by retaliating against

        me and allowing me to be unfairly treated and intimated for complaining and making charges

        concerning my disability, race and age.

50.     The effect of the events described above has been to deprive me of equal employment

        opportunities in retaliation for exercising my State and Federally protected rights.

51.     From all four claims above I have suffered emotional distress and am entitled to punitive

        damages based on retaliation actions in violation of Section 704(a) and the ADA, ADEA and

        Section 42 USC 1981A and also Colorado Laws.

                                REQUEST FOR RELIEF

WHEREFORE, I, Ms. Keii S. Smallwood respectfully request that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, Agents and all persons working

with them from engaging in any employment policy or practice which discriminates on the basis of

Disability, Age, Race and from retaliating against employees who complain about discrimination.

B.  Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees regardless of Disability, Age, Race and which includes retaliation.

C.  Order Defendants to make whole me and other Blacks and Disabled and over age 40 who are discriminated against by providing compensation for past and future economic, special pecuniary and all losses and damages, emotional distress, pain and suffering and humiliation;

D.  Order Defendants to pay me and all Black, Disabled and over 40 who are discriminated against punitive damages for past and future economic, special pecuniary and all losses and damages, emotional distress, pain and suffering and humiliation;

E.  Order Defendants and its successors to provide training to its officers, managers and employees regarding all discrimination and retaliation in the workplace;

F.  Grant such relief as the Court deems necessary and proper;

G.  Award me cost and Attorney's fee in this action, once I have found an Attorney.


## JURY TRIAL DEMAND

I request a jury trial on all questions of fact raised by this Complaint

Dated: February 24, 2015

Submitted by,

Keii Smallwood

Ms. Keii S. Smallwood
1730 S. Helana Street
Aurora, CO  80017
Ph. 720.377.8865

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

I Keii Smallwood am requesting the courts relief of all court cost fees due. I am not currently employed. I was terminated from Denver Public School 6/2013 after 20 years of employment, do to my health and I have not been able to obtain employment since. I currently receive food stamps and medcaid from Arapahoe human services. I have tried to find employment, but with the health issues I have, no one will hire me. I Ms Smallwood need the court to relieve me any cost because I have no income and I am not able to pay.

Thank You,

Keii Smallwood

Date: 2/24/2015

_Keii Smallwood_
(Plaintiff's Original Signature)

_1730 S Helena St_
(Street Address)

_Aurora CO 80017_
(City, State, ZIP)

_720 377 8865_
(Telephone Number)