IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00378-RM-CBS

KEII SMALLWOOD,

        Plaintiff,

v

DENVER PUBLIC SCHOOLS,

        Defendant.

---

**RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS**

---

Magistrate Judge Shaffer

    This matter comes before the court on Defendant's "Motion to Dismiss" ("Motion"). (Doc. 22). The Motion was referred to the Magistrate Judge pursuant to the Order of Reference dated May 7, 2015. (Doc. 23). The court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law. For the following reasons, the court recommends that the Motion be granted and the case be dismissed.

**BACKGROUND**

    Keii S. Smallwood ("Plaintiff"), who is proceeding in this matter *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102-12213, and the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. §§ 24-34-401, *et seq*.

1

According to the allegations in her Complaint, Plaintiff is a forty-four-year-old, African American woman who has been diagnosed with scoliosis.[1] (Doc. 1 at ¶ 1). In 2012, Defendant Denver Public School District ("DPS") hired Plaintiff as a "General Paraprofessional" at John Amesse Elementary School. *Id*. at ¶ 12. After being hit in the head with a basketball, Plaintiff's doctor restricted her to "lifting 10 pounds, pushing 20 pounds[,] no repetitive motion[,] and no working in a safety sensitive environment." *Id*. at ¶ 14. She was also restricted from (1) working in situations where new injuries could occur, and (2) supervising indoor or outdoor activities. *Id*. at ¶ 18. On November 30, 2012, Defendant DPS allegedly modified Plaintiff's work duties to include cleaning lunchroom tables. According to Plaintiff, however, this assignment did not comply with her work restrictions. *Id*.

Following a January 2013 medical examination, Plaintiff applied for extended medical leave. *Id*. at ¶ 20. While on leave, Defendant DPS allegedly fired Plaintiff from her position, which prevented Plaintiff from obtaining worker's compensation. *Id*. at ¶ 23. Although Plaintiff applied for other paraprofessional jobs with DPS, she has not been rehired in any capacity. *Id*. at ¶¶ 25.

In February 2014[2], Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id* at ¶ 6. According to the allegations in her Complaint, Plaintiff received her EEOC Dismissal and Notice of Rights letter on November 24, 2014.[3]

---

[1] According to the National Institute of health, scoliosis is an abnormal curving of the spine. https://www.nlm.nih.gov/medlineplus/ency/article/001241.htm.

[2] Both Plaintiff and Defendant DPS state that the charge was filed on February 5, 2014; however, the court notes that the charge is dated (and date-stamped) February 12, 2014. (*See* Doc. 25 at 17).

[3] In its Motion to Dismiss, Defendant DPS contends that Plaintiff's claims are time-barred because she filed her Complaint 92 days after receiving her right-to-sue letter. (Doc. 22 at 4). Plaintiff was required to file her claims within 90 days after receiving her letter. 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 12117(a) (ADA); 42 U.S.C. § 2000e–5(f)(1) (Title VII); Colo. Rev. Stat. § 24–34–306(2)(b)(I)(B). In response, Plaintiff contends that her Complaint contains a scrivener's error, and that she actually received her letter on or about November 26, 2014. (Doc. 25 at ¶¶ 2-5). And she attaches an

Thereafter, on February 24, 2015, Plaintiff filed her Complaint asserting claims of race, age, disability, and retaliatory discrimination. Defendant DPS filed its Motion to Dismiss on May 7, 2015, arguing that the Complaint should be dismissed for a lack of jurisdiction and for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

**A.      Fed. R. Civ. P. 12(b)(1)**

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's jurisdiction over subject matter is a question of law. *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

A motion to dismiss for a lack of subject matter jurisdiction may take two forms. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). It may facially attack a complaint's allegations or it may challenge the facts upon which subject matter jurisdiction depends. *Id*. at 1002-1003.

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's

---

envelope showing that the EEOC letter was postmarked on November 24, 2014. DPS correctly observes that Plaintiff cannot amend her allegations in her response. This argument, however, overlooks the fact that (1) Plaintiff could simply move to amend her Complaint, and (2) the court — when ruling on a 12(b)(1) motion — may consider outside documents. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987). Nevertheless, because the court has concluded that Plaintiff's Complaint should be dismissed on other grounds, it does not reach the issue of timeliness.

> factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id*. at 1003 (internal citations omitted); *see also Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))

**B.     Fed. R. Civ. P. 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, this court may consider exhibits attached to the Complaint without converting the motion into one for summary judgment pursuant to Rule 56. *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). A claim is plausible when the plaintiff "pleads factual content

4

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard requires more than the sheer possibility that a defendant has acted unlawfully. *Id*. Facts that are "merely consistent" with a defendant's liability are insufficient. *Id*. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Plaintiff is not an attorney, her pleadings and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall*, 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (19972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, [her] confusion of legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Id*. However, this court cannot act as a *pro se* litigant's advocate. *Id*. It is the responsibility of the *pro se* plaintiff to provide a simple and concise statement of her claims and the specific conduct that gives rise to each asserted claim. *See Willis v. MCI Telecomms.*, 3 F. Supp. 2d 673, 675 (E.D.N.C. 1998). This court may not "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Nor may a plaintiff defeat a motion to dismiss by alluding to facts that have not been alleged, or by suggesting violations that have not been plead. *Associated General*

5

*Contractors of California Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *Pro se* plaintiffs must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## ANALYSIS

In the Motion, Defendant DPS contends that Plaintiff failed to exhaust her administrative remedies with regard to her race, age, and retaliation claims and, therefore, this court lacks subject matter jurisdiction over those claims. (Doc. 22 at 6-7). Defendant further contends that Plaintiff has failed allege a claim for disability discrimination. *Id*. at 7-8.

### I.   Exhaustion of Administrative Remedies

#### A.   Race, Age, Retaliation

As a prerequisite to filing suit under Title VII or the ADEA, a plaintiff must exhaust her administrative remedies. *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). "[E]ach discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Jones v. United Parcel Services, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (internal quotation marks omitted). To establish exhaustion, Plaintiff must demonstrate that her claims are "within the scope of the administrative investigation that could reasonably be expected to follow from the allegations in the charge." *Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 204) (citing *Jones*, 502 F.3d at 1186). Consequently, "the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Jones*, 502 F.3d at 1186.

Here, Plaintiff submitted her formal charge of discrimination in February 2014. (Doc. 25 at 17-18). In the charge, Plaintiff marked the box only for "discrimination based on disability."

*Id*. The failure to mark a particular box on an EEOC form creates the presumption that the plaintiff does not intend to assert claims represented by that box. *Jones*, 502 F.3d at 1176. The Tenth Circuit is clear, however, that charges of discrimination before the EEOC should be liberally construed, and the presumption may be rebutted if the conduct described in the claim could reasonably be expected to fall within the scope of the charge. *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998). Thus, the court considers whether Plaintiff's narrative statement alleges conduct that would reasonably be expected to raise claims of race, age, or retaliatory discrimination. They do not. Rather, the particulars of her charge allege only that she was injured on the job, requested disability leave, and was released from her position while on leave. (Doc. 25 at 17).

In her Response to the Motion, Plaintiff argues that the EEOC refused to accept her race, age, and retaliation claims. But the evidence she has presented simply does not support this assertion. Like her formal charge, the only "box" checked on Plaintiff's Intake Questionnaire (Doc. 25 at 13-16) is the one asserting discrimination on the basis of disability. In addition, other than indicating her race as "Black or African American" and stating her date of birth, Plaintiff's questionnaire does not contain any allegations related to the discrimination she now asserts in her Complaint. Rather, the allegations are related entirely to her disability and need for accommodations. *Id*. at 14-16. And contrary to her assertions, the email from the EEOC (Doc. 25 at 11) does not demonstrate that her alleged attempts to amend her charge were stymied by the EEOC investigator. Therefore, the court concludes that Plaintiff has failed to rebut the presumption that she only intended to pursue a claim based on disability discrimination.

Because Plaintiff did not adequately present her race, age, and retaliatory discrimination claims in her formal EEOC charge, the court concludes that it lacks subject matter jurisdiction to

consider those claims and recommends that they be dismissed. *Jones v. Runyon*, 91 F.3d at 1399 n.1 (noting that an EEOC filing, as opposed to a *timely* filing, is a jurisdictional requirement).

### B. CADA Claim

The Colorado Supreme Court has been clear that, as a condition precedent to bringing an action pursuant to CADA, an individual must first exhaust her administrative remedies for all claims brought under the Act. *See Brooke v. Res. Servs., Inc.*, 906 P.2d 66, 72 (Colo. 1995); *see also* Colo. Rev. Stat. § 24-34-306(14). A plaintiff exhausts her administrative remedies when she obtains a right-to-sue notice from the Colorado Civil Rights Division ("CCRD"). Colo. Rev. Stat. § 24-34-306(15); *see also City of Colo. Springs. v. Conners*, 993 P.2d 1167, 1169 n.3 (Colo. 2000) ("a right-to-sue letter will often serve as evidence that a party complied with" the exhaustion requirements).

Plaintiff does not allege that she received a right-to-sue notice from the CCRD. (*See* Doc. 1 at 2). In addition, Plaintiff has failed to respond to Defendant DPS's arguments (Doc. 22 at 5) in this regard. Rather, Plaintiff alleges only that she called the CCRD numerous times and was told to go to the EEOC. (Doc. 25 at 7). Consequently, the court finds that Plaintiff has conceded her failure to exhaust her administrative remedies under CADA and, as such, recommends that Plaintiff's CADA claims also be dismissed.

### II. Failure to State a Claim Under the ADA

The ADA prohibits "discriminat[ion] against a qualified individual on the basis of a disability," including by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an

undue hardship on the operation of the business of the covered entity." 42 U.S.C. §§ 12112(a) and (b)(5)(a).

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate (1) that she is disabled within the meaning of the ADA; (2) that she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) that she was discriminated against because of her disability. *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014) (quoting *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1037-38 (10th Cir. 2011)). "Essential functions" are "the fundamental job duties of the employment position." 29 C.F.R. § 1630.2(n)(1).

Here, Plaintiff has pleaded no factual content as to the requirements of her job or her qualifications. Nor has she adequately plead that she could perform the essential functions of her job. She merely alleges that was employed as a "General Paraprofessional" and that she "could maintain her duties as [a] paraprofessional with an accommodation." (Doc. 1 at ¶¶ 12, 14). This, however, is simply a legal conclusion couched as an allegation of fact. Her allegations regarding this threshold requirement of an ADA claim are nothing more than a threadbare recital of the elements, which is insufficient to state a claim under Rule 12(b)(6). It is not possible to tell from the Complaint what Plaintiff's job as a paraprofessional entailed, and without even a cursory description of what kind of work Plaintiff does, she has failed to meet the plausibility standard announced in *Twombly* and *Iqbal*. This is not to say that Plaintiff could not allege such facts; rather, the court holds only that Plaintiff has failed to satisfy the pleading standard that governs all federal lawsuits.

Defendant DPS contends that Plaintiff fails to state a claim because, under her medical restrictions, she would be unable to perform an essential function of the job. (Doc. 22 at 7). In

support of this argument, DPS cites the job description for DPS Paraprofessionals, which lists — as an essential function — supervision of, and interaction with, students. (*See* Doc. 24-1, Doc. 25 at 19). In her Complaint, Plaintiff alleges that she cannot serve in a "safety-sensitive" position, which presumably includes working with children.[4] *See, e.g, Knox County Educ. Ass'n v. Knox County Bd. of Educ.*, 158 F.3d 361, 376-79 (1998) (in the Fourth Amendment context concluding that the definition of "safety-sensitive" applies to teachers or other employees who are responsible for children). If, in fact, a DPS paraprofessional's essential duties includes supervision of children, Defendant's point is well taken. *See Hennagir v. Utah Dept. of Corrections*, 587 F.3d 1255, 1264-65 (10th Cir. 2009) ("An employer is not required to accommodate a disabled worker by modifying or eliminating an essential function of the job."). However, whether a duty is essential is a question of fact decided on a case-by-case basis. *See* 29 C.F.R. Pt. 1630, App. § 1630.2(n). Further, while a job description is strong evidence of essential duties, it is not dispositive. *See Tadlock v. Marshall County HMA, LLC*, 603 F. App'x 693, 702 n.3 (10th Cir. 2015) (citing *Hennagir*, 587 F.3d at 1262). Therefore, the court concludes that resolution of this issue is not appropriate at this stage of the proceedings. Nevertheless, for the reasons articulated above, the court recommends that Plaintiff's ADA claim be dismissed.[5]

---

[4] Plaintiff's Complaint does not specifically define "safety-sensitive."

[5] Defendant does not appear to challenge Plaintiff's assertion that she meets the definition of "disabled" under the statute. However, the court notes that Plaintiff's allegations also seem to be insufficient in this regard. To prove she is disabled, Plaintiff must (1) have a recognized impairment; (2) identify one or more appropriate major life activities; and (3) show that the impairment substantially limits one or more of those activities. *Sanchez v. Vilsack*, 695 F.3d 1174, 1178 (10th Cir. 2012). Plaintiff alleges that she is disabled due to her scoliosis. But the Complaint does not allege that Plaintiff's limitations resulted from her scoliosis; rather, they appear to have been caused by the injury she sustained when she was hit with the basketball. How Plaintiff's injury and resultant limitations are connected, if at all, to her scoliosis has not been articulated. *See Sanchez*, 695 F.3d at 1178 ("it is not sufficient for a plaintiff to identify an impairment and leave the court to infer that it results in substantial limitations to a major life activity").

## CONCLUSION

For these reasons, the court RECOMMENDS that Defendants' Motion to Dismiss (Doc. 22) be GRANTED and the case be dismissed in its entirety.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. Once Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district court of the magistrate judge's proposed findings and recommendations and will result in waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve the issue for *de novo* review by the district court or appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 22nd day of December, 2015.

BY THE COURT:

s/Craig B. Shaffer_____
United States Magistrate Judge