IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 15-cv-00378-RM-CBS

KEII S. SMALLWOOD,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

    Defendant.

___

**ORDER**
___

Pending before the Court is the December 22, 2015 Report and Recommendation of U.S. Magistrate Judge Craig B. Shaffer ("the R&R") (ECF No. 30) to (1) grant defendant Denver Public Schools' ("defendant") motion to dismiss (ECF No. 22), and (2) dismiss *pro se* plaintiff Keii Smallwood's ("plaintiff") complaint ("the complaint") (ECF No. 1) in its entirety. In the complaint, plaintiff raised claims under federal and state law of disability, race, and age discrimination, as well as retaliation. (*See* ECF No. 1.)

The R&R specifically advised the parties that written objections were due within 14 days after service of the same. (ECF No. 30 at 11.) The Magistrate Judge warned the parties that failure to file timely objections would waive *de novo* review of the R&R. (*Id*. at 11-12.) Despite the Magistrate Judge's warning, no objections to the R&R have been filed in this case.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72, Adv.

Comm. Notes, subdivision (b) (1983); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

With respect to plaintiff's claims for (1) age discrimination and retaliation under the Age Discrimination in Employment Act, and (2) race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Court agrees with the Magistrate Judge's recommendation to dismiss those claims, as amendment would be futile. *See Panicker v. State Dep't of Agric.*, 498 F. App'x 755, 757 (10th Cir. 2012) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). Specifically, the Court agrees with the Magistrate Judge's finding that plaintiff failed to explicitly raise those claims before the Equal Employment Opportunity Commission ("EEOC"), and her "Charge of Discrimination" cannot reasonably be read to have alleged them. (*See* ECF No. 30 at 6-8.) As a result, those claims are barred for failure to exhaust. The same is true of all of plaintiff's state law claims under Colorado's Anti-Discrimination Act, as she has presented no evidence of having exhausted the proceedings and remedies available to her under Colo. Rev. Stat. § 24-34-301 *et seq.* (*See id.* at 8.)

The Court disagrees, however, with the Magistrate Judge's finding that plaintiff failed to exhaust her administrative remedies with respect to her retaliation claim under the Americans with Disabilities Act ("ADA"). Such a claim requires that a plaintiff allege that (1) she engaged in a protected activity; (2) she was subsequently subjected to an adverse employment action; and (3) there was a causal connection between her activity and the adverse action. *Selenke v. Medical Imaging of Colorado*, 248 F.3d 1249, 1264 (10th Cir. 2001). In her EEOC "Charge of Discrimination," plaintiff asserted that: in about November 2012, she "requested a reasonable accommodation"; in

about June 2013, she requested health leave of absence; and, subsequently, her "position was not held," which the Court infers means that she was fired. (ECF No. 25 at 17.) Plaintiff's request for a reasonable accommodation is protected by the ADA, *Selenke*, 248 F.3d at 1265, as can be requests for a medical leave of absence, *see Robert v. Bd. of Cnty. Comm'rs of Brown Cnty., Kansas*, 691 F.3d 1211, 1217-18 (10th Cir. 2012). Although plaintiff did not check the box for retaliation on the "Charge of Discrimination," and the assertions therein are fleeting at best, the relevant inquiry is whether a claim for retaliation "can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *See Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). Here, the Court believes so, given that the conduct underlying both plaintiff's retaliation claim and discrimination claim under the ADA is the same—namely that she was fired due to her health. *See id.* at 1187 (finding that the plaintiff exhausted his retaliation claim before the EEOC when (1) the facts underlying it were based on the same facts as an exhausted discrimination claim, and (2) the plaintiff checked a box for retaliation on one but not all of the pages of the charge of discrimination).

In addition, at this stage of the case, amendment of plaintiff's ADA claims for disability discrimination and retaliation would not be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) ("The complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). As the Magistrate Judge observed with respect to the discrimination claim, it is possible that plaintiff may be able to allege facts to support it. (*See* ECF No. 30 at 9.) Moreover, the Court notes that the complaint was plaintiff's first attempt to set forth her claims and she is proceeding *pro se*. Therefore, although the Court agrees withe the Magistrate Judge that plaintiff did not allege her job

duties or qualifications other than in the most conclusory manner, the Court disagrees with dismissal at this stage.

As a result, the Court will allow plaintiff an opportunity to amend her complaint with respect to her claims of disability discrimination and retaliation under the ADA only. Among other things, plaintiff must set forth the essential functions of her former position[1] and the accommodations which she sought or seeks from defendant in order to continue in that position.

Accordingly, the Court:

(1) ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's Report and Recommendation (ECF No. 30); and

(2) GRANTS IN PART and DENIES IN PART defendant's motion to dismiss (ECF No. 22) as follows:

  (a) DISMISSES plaintiff's claims of age discrimination and retaliation under the Age Discrimination in Employment Act;

  (b) DISMISSES plaintiff's claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964;

  (c) DISMISSES plaintiff's claims under the Colorado Anti-Discrimination Act; and

  (d) DOES NOT DISMISS plaintiff's claims of disability discrimination and retaliation under the Americans with Disabilities Act.

---

[1] In that regard, the exhibit attached to the motion to dismiss, which suggested certain essential functions of plaintiff's former position, was neither attached to nor referenced in the complaint. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference.") (citations omitted).

**Plaintiff shall have until February 29, 2016 to file an amended complaint as instructed herein.  Should plaintiff fail to do so, then her action will be dismissed in its entirety.**

**SO ORDERED.**

DATED this 5th day of February, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge